Mr. Fleming, you have 12 minutes in your opening. Please go right ahead. Good morning, Your Honor. May it please the Court, Mark Fleming on behalf of Netflix. The claimed point of novelty of the 920 patent is the key ladder made up of three encryption keys. In this IPR, DivX did not deny that the Chen reference discloses that. Instead, the dispute turned on whether the prior art disclosed obtaining a whole frame before decryption began. And there's a very straightforward error that at the very least requires a remand. We argued, and there's no dispute on the merits, that regardless of claim construction and regardless of Chen, the Grab 333 reference discloses obtaining whole frames before beginning decryption. The Board itself summarizes that disclosure on Appendix 21 where it quotes Grab's Paragraph 19, and then three pages later on Appendix 24 and 25 summarized and quoted our arguments for how Grab taught obtaining encrypted content, citing our petition at 3233, as well as Grab's Paragraphs 19 and 56. DivX does not deny on the merits that Grab encrypted data frame by frame or at the frame level. In fact, it admitted that in its patent order response. Its expert, Dr. Nielsen, admits that in his declaration. But the Board didn't address this argument because it believed that Chen's disclosure was dispositive and that was error. We relied on both references. And if the Board believed that Chen didn't disclose the limitation, then it should have addressed Grab. And it simply didn't. The only response from DivX is waiver. But DivX admits on pages 64 and 65 of the red brief that our petition says that Grab, independently of Chen, teaches obtaining encrypted content. And the Board fully recognized that we made this argument. It quoted it in the decision. Mr. Cheney, as I understand your appeal, you have three arguments. And I think I quickly heard an integration of all three in the opening of your argument today. But you're primarily focusing on what I believe to be argument number three. I'm beginning with that, Your Honor, just to make clear that at the very least there needs to be a remand for that. And I will proceed to the other two. I just wanted to make sure it was very clear. I think we're familiar with the paragraphs at A7035 that you're referring to. Yes, Your Honor. About your petition. But what about the petitioner reply? I mean, to what degree did the reply or the oral argument really try to focus on a combination of references where you were relying on the three-level key ladder of Chen with the frames and partial encryption of those frames of Grab? I'm not sure I saw that come out in the petitioner reply or the oral argument. There are a couple of responses to that, Judge Chen, if I may. On 7461 and 7462, we say that Chen and Grab both teach encrypting and decrypting video frames. And at the hearing slides on 7744, we show that DIVX admits, and this is true in their patent owner response, that Grab 333 teaches partial encryption of video frames. But more to the point, Your Honor, to the extent there was any confusion about this, it's not as though the Board forgot about this because when we got to the final written decision on 24 and 25 of the appendix, they quote and specifically cite this very argument. So it was certainly preserved sufficiently that the Board knew about it. They summarized it. They said we were making the argument. They cited our petition. They cited Dr. McDaniel's declaration. They just simply didn't address it on the merits. So at the very least, we need a remand as to that. Now, in addition to that, when the Court remands, as we believe it should, the Court should also give guidance on the scope of the claims. And the Board made a legal error there when it held for the first time in the final written decision that the claims required that whole encrypted frames be obtained before decryption begins. And the frames are not so limited. The Board found that frames exist in a- Propose a claim construction for that provision, that part of it, in your petition. Neither party proposed a construction of that limitation. We believe that the claim on its face by its plain language does not contain such a requirement. When DVIX then started suggesting that we had an obligation to show that frames are received on the receive end, that whole frames are obtained before decryption even begins, we opposed that. We made it very clear at the oral hearing on 7802- I'm sorry, 7820 and 7821 that the patent owner was misconstruing the claims and trying to say it required obtaining encrypted frames, which it does not require. It simply requires obtaining encrypted content. What do we do if we find both of your constructions reasonable? I mean, you didn't raise this as a claim construction argument, so normally I think we would find it forfeited and just look at this in terms of substantial evidence to see whether the Board's interpretation of whether the prior art discloses frames in its view is supported. But if we send it back, I mean, are we obligated to do any kind of claim construction or note that? Procedurally, if we didn't have the sending it back part, I think you'd be in trouble because you hadn't preserved a claim construction argument, and I don't really see anything wrong with the Board's reading, although I see something appealing to yours as well. But are we obligated to do something if we send it back, or is that up to the Board to decide if it wants to determine that there's a dispute among you two between the claim and raise it for itself for the first time? So, Judge, let me address the procedural point first, and then I'll address why I think our claim construction is the preferable one. I think this, as in the Entertainer v. Hulu case, which we cite, I think this is a situation where the Board came up with a claim construction that had not been foreshadowed in the decision on institution. We made clear at the hearing what our position was, which was that the claims do not require that a whole frame be received before decryption begins. So it was clear what our position is. Were you not taking... Did they ask for the Board to construe it at the hearing, though? No, no party asked for a construction. It was only once the final written decision came out that it was... But I think they made their position clear, too. Well, they were making their position in terms of what... I mean, this is just frustrating when you have disputed claim scope and neither party wants to ask for a claim construction. I mean, it's not O2 micro because we're at the Board, but it's very similar. I mean, why didn't you ask? When you saw that they were saying whole frames, why didn't at least at the oral hearing you say you really need to construe this? This isn't an evidence issue. This is a claim construction issue. So on 7820, Your Honor, counsel for Netflix says one of the major differences is starting at line 16 on 7820. One of the major differences here is how patent owner has chosen to try to describe the claims. And they're always focused on encrypted frames, encrypted frames, encrypted frames. That's not the language you just read from limitation 1C. 1C is obtaining encrypted content using a playback device where the content includes the frames of video and at least a portion are encrypted. And then going on to page 7821, patent owner keeps on trying to switch this, work this argument about the claims are about encrypted frames. They're not. They're about encrypted portions of frames and encrypted content, and that encrypted content is the portions of the frames. And again, the Board understood what we were doing because on page 7823 there's a question from one of the APJs starting at line 2. But when that 1C says includes frames of video, petitioner's point would be if one of Steel could identify where the frame is. I understand your argument, but if you look throughout, if you don't just look at 1C, but you look throughout all of the limitations in claim 1, there's some that do refer to frames in terms of the way your opponent would be seeing them, I think. I don't think so, Your Honor. So now we're on to the substance of the claim construction. The key about, I'll start with 1C and then I'll expand out to the other limitations. 1C says obtaining encrypted content. There's no question that even in a transport stream implementation, encrypted content is received. It has to be, otherwise you couldn't play the movie back. The content includes frames of video. Again, the Board found on page 41 of the appendix that in a transport stream implementation, the transport stream contains frames. Frames are transmitted. Frames exist. Can we be a little, can we unpack that last statement you just asserted? I mean, my understanding is the TS packets, assuming that that is what Chen is disclosing that's being transmitted, they don't have the frames per se inside those TS packets. The best that any one given TS packet could have is just a piece of a frame. For a single TS packet, yes, that is true. And so that's the concern. The concern is that the expectation of the Board, as was pointed out in the Board's institution decision, was that Chen could arguably lack disclosing transmission frames. Well, let's be clear, Judge Chen. What they said in the institution decision was there was a dispute of fact as to whether a transport stream would include frames. That was decided in our favor repeatedly in the final written decision where the Board acknowledges. But the debate, as I understand it, is that TS packets themselves are not frames. And then the question came down to whether Chen is transmitting frames or is it transmitting TS packets. And there was a clear dichotomy between whether a TS packet is not a frame. That's my understanding of how the Board understood the case. And so when you're saying that the Board agreed that TS packets are frames, I'm not so sure that the Board could be characterized the same. I hope I didn't say that the Board said that TS packets are frames. What the Board did say was that frames exist in the transport stream and that the transport stream transmits frames. How would the frames be in the TS packet transmission? Well, first of all, as the Board recognized on 41, they have to be. Otherwise, you wouldn't be able to watch the movie at the other end. Can you break it down and paint a picture in my mind of exactly what's going on with the TS packet transmission? I've got an idea and I can't tell exactly what your idea is. Let's find out what your idea is. My idea is, as the Chen reference discloses, you start with a video elementary stream, which is the bit stream, as the Board calls it, that comes from the content provider. It is then turned into a packetized elementary stream with each packet corresponding to a frame. At that point, and the Board and DIVX both recognized this, you could either encrypt the packetized elementary stream first and then break it into transport stream packets, or you could break it into transport stream packets and then encrypt them. You can do either. Persons of skill in the art knew how to do both. So what's inside a given TS packet? A TS packet is, I believe, something like 188 bytes. It has a header and then it has a portion of the content, and everyone agrees it can be a portion of an encrypted frame, which is all the claim requires be encrypted, that the plurality of frames of video are encrypted using at least one frame encryption key. And then on the back end, when you get to limitation 1F and 1G, the receive end identifies any portions of a frame that are encrypted, and then in 1J, decrypts the encrypted portions of the frame. Even if I were to read what your counsel argued before the Board as making a claim construction argument about frames and encrypted content, isn't that too late to be raising a claim construction argument in an IPR? Oh, I don't think so, Your Honor, because this is a situation where DIVX is— Typically, your conception of the claim is a fully realized one in the petition. Oh, and it was. And then, maybe at best, you point out a misunderstanding of the claim by the patent owner in the petitioner reply. But it seems very peculiar to wait until the oral argument, after all briefing is done, to then for the very first time bring up, oh, here's a conception of the claim that I want to advance that I have never advanced before. I don't think that's a fair account, if I may, Judge Chen. I mean, first of all, we believe that the plain language of the claim contains no order of steps requirement. I don't think DIVX has suggested that there is one. It doesn't matter. I mean, no one disputes that whether you're talking about Chen or any other conditional access system, frames are going to be obtained on the receive end. The only point that they're standing on is that supposedly a whole frame needs to be received before any decryption of a portion starts. That is not something we anticipated or suspected DIVX would argue when we filed our petition. We simply relied on the plain language. Then when they filed their patent owner response, the decision on institution does not suggest that the board was in any way even receptive to this argument. Nothing in the decision on institution suggests that the board thought that there had to be... What if we disagree with that? Well, if you disagree with that, then we have the citations... Then there's a waiver. Then there's a waiver of the claim construction. Well, then I would say that as this court said in the Erickson case, this is a legal issue. It's fully briefed. DIVX has not suggested there'd be any prejudice in addressing it, and it doesn't make sense to construe this claim in a way that's directly contrary to its plain language, not supported in any way, supported by the specification. So we submit it should be overlooked, but we don't think it was waived. How much does this matter if we agree with you on GARB or GRAB? I mean, I know it takes away one set of disclosures, but, I mean, if we agree that the board should have looked at GRAB, how much... I mean, is there a dispute about whether GRAB discloses these whole frames or not? This is a better question for Mr. Lampkin. I don't think there's a dispute as to that. I think he might argue there might be a motivation to combine the issue, and so I think there is value in making clear that Chen discloses this limitation as well. But if Mr. Lampkin is prepared to say that limitation 1C is disclosed by a combination of Chen and GRAB and that there'd be a motivation to put together, then I agree it doesn't matter too much. But we want to preserve the argument in case Divick's either here or on remand starts to say, well, GRAB's all very well, but there's some other reason why limitation 1C wouldn't be satisfied by the two references together. I feel like I've... Unless the Court has any questions, I'm coming to the end of my opening time, so I've reserved the balance of my time for a bottle of M&M. Very good. Thank you, Your Honor. Good morning. May it please the Court. The 920 patent concerns a secure system for video playback and receipt, one that permits content to remain encrypted so as to minimize the risk of copying. It does that... The three-level key ladder, that was already known in the art for encrypting, decrypting, video transmission. In the manner in which it's disclosed in... It's that concept. The concept of key ladders did exist in the art, but then this is all about not the transmission. Partial encryption of video frames was also known in the art. That's correct. So this claim, as I understand it correctly, is the transmission of encrypting video frame content that's partially encrypted using the three-level key ladder. No, Your Honor, I think... Is there more to the claim than that? Yes, there is, Your Honor. Limitation 1C talks about obtaining, and then it tells you what you need to obtain, and to obtain is to gain possession of, to have, to hold, to possess. And then it tells you what you need to gain possession of, what you need to hold. And that is encrypted content that includes frames of video, and that means whole frames, actual frames like in the old celluloid system where you run them at 24 frames per second, you get a moving image, that's a frame, and those frames must be encrypted in part. And if you don't actually obtain, if you're not getting that whole frame with some portion of it, a plurality of the frames, a portion of which are encrypted, you're not obtaining encrypted content that includes frames where a portion of the frames are encrypted. You're getting something different. And the whole point of Chen and the problem with Chen and why it doesn't disclose this... ...content that includes frames where a portion of the frames are encrypted. So Grab does not disclose obtaining encrypted content where a portion of the frames are encrypted. Grab is about a system of reading frames, or reading encrypted frames, but in this case, and maybe we should go to whether Grab was, the combination where Grab provides the obtaining was properly preserved. I'll come right to that then because that seems to be a key issue. But Grab does not disclose the obtaining, and it certainly doesn't disclose the combination of a key system with that federated system that we had, together with the requirement that what the receiver obtained would actually have and possess are actual frames, a portion of which are encrypted. And that's a key thing. If somebody sent me, for example, a line from a page of a book each day, no one would say, I'm obtaining the entire book until I get that last line. And if those lines disappear as quickly as they arrive into my hand, no one would say I'm obtaining that page of the book because by the time I get that last line, I don't have the rest of the page. And that's in effect what happens here because as the little packets come from Chen, coming across the wire, they get decrypted as they come in. And so at no point do I have a frame of video that's partially encrypted because by the time I have a frame of video, it's fully decrypted. You're talking about Chen. I'm thinking about Grab. Right, and Grab doesn't have the obtaining portion, and it doesn't have... But Chen does. I mean, if all we need to have Chen make a full disclosure is obtaining a whole frame, I mean, you may have motivation to combine arguments, but why doesn't Grab teach obtaining whole frames rather than this TS stream? Well, certainly the board did not address whether Grab teaches obtaining, and there's a special reason why it did not. And it's going to take me a moment to explain why it wasn't preserved. And maybe I should go there now. And it runs along these lines. First, the board at PTAB has specific procedures about how you put forth your combinations. You can't just say something like, Grab teaches these five things, and Chen teaches these same five things. Because then you end up, if you do that over and over, you end up with an amazing number of possible combinations. And that's basically what we have here. We have five pieces to limitation 5c. You have obtaining encrypted content, you have frames, you have a portion encrypted, you have a key ladder. You end up with 2 to the 5th power possibilities. Add other things. And so you end up with a large number of possible combinations. So in cases like Iron Ridge versus Pegasus, or In Depth 3.0 Physical versus ConocoPhillips, they say, you have to actually say what you're getting from each of the particular references. I'm getting this from Grab, I'm getting this from Chen. And so when you go through what happened here, you realize exactly why the board never thought this alternative combination where obtaining frames came from Grab. So you start with Netflix's discussion of the combination, and this is at page 702.0 and 701.9. And what it describes the combination as is, on 701.9, applying Grab 3.3's partial encryption teachings to Chen. Partial encryption, not obtaining frames. Or 702.0, it cites partial encryption, Todd and Grab. This is the motivation to combine section? Correct. I'm talking about the Limitation 1c section. Right, so the Limitation 1c. That seems to be the most relevant section, which is at 703.4 and goes over to 703.6. And it says, and the interesting thing about that is if you look at 703.5, 703.6, it says what each of them teaches. But it doesn't do what the board requires, which it says, what are you drawing from each of the combinations? If each of them teach five things, we now have 25 combinations? Well, that's a problem that could have been made about the way they described Chen, too. There were problems with the way they described Chen as well. Well, I mean, how can the board pick one if it's improperly analyzed? They should say the whole thing is out because they haven't told us. I mean, there's as much discussion of Grab teaching frames in this section as there is of Chen teaching frames. I think that's right, but when you go to the combination and the motivation to combine, it's about Chen. When you look at the briefing, it's about Chen, and this is why that's really significant. If you go to the institution decision... Why are we looking more at the specifics of the actual 1C rather than the overall motivation to combine? Because when we look at the... Look, this is not a great petition. I mean, it's hard. There's lots of different limitations, and there's a page limit. The petitioners are always bound, and you are the same, and I think you probably have come across this, but I find it very hard to read 7035 and 7036 and obviously the benefit of focusing in up here rather than what the board has to do. But these two paragraphs say Grab teaches obtaining frames. And I think this is the sequence that makes a big difference. The board in its institution decision tells everybody what it's doing. And you go to 7213, and the board says that petitioner's proposed combination, so it's describing what the combination is, in Ground 1, it's a specific ground, relies upon modifying Chen to include Grab 33's partial encryption teachings, not obtaining frames, partial encryption techniques. I get that, but the rest of the petition is not consistent with that. And then the board goes on, because I think this is important. It describes why that issue is, quote, critical. And it's critical because if Chen does not disclose frames, the assertive combination is missing an element. Again, it's not taking anything from Grab. Grab says about obtaining frames. As I understand the institution decision, the board is saying the motivation to combine Chen and Grab would be less clear if Chen and Grab are operating at different data levels.  And it's not that there is... It doesn't acknowledge that Grab is... I mean, inside that motivation to combine argument is that an understanding that Grab is, in fact, sending frames and not sending TS packets. It is encrypting and decrypting, but what's missing there is the obtaining, the transmission. All that transmission, if you look at the board's language, that is all coming from Chen. And that's why when it institutes a decision, it institutes a decision to address a material issue of fact regarding Chen's teachings, not a question about what Grab teaches, what Chen teaches. Because if Chen isn't teaching that transmission, where you obtain frames, it doesn't understand that to be coming from Grab. And so if Netflix had said, oh my gosh, you've misunderstood, our combination actually includes not just partial encryption. We're getting obtaining encrypted frames from Grab as well. If they thought that the board had made a mistake, you would see somewhere in their reply. They'd say, board, you've made a mistake. This combination is not that narrow. We have an alternative combination out there. And in fact, the PTAP's practice guide, if you look at page 73, says, if you've got a problem with the institution decision, you can say something in your reply. And Netflix instead endorses the board's view. As you pointed out, Judge Chen, if you look at the reply, page 744, it says Chen teaches the alleged invention of a three-level hierarchy key. And Grab 33 teaches partial encryption. And Ground One combines those. Or 7459, Grab teaches the mechanisms that allow precise control, allowing encryption to be applied to selected portions of the video frame. That's partial encryption. It's not obtaining, getting your hands on, getting a hold of encrypted content. I think you've made a very good argument for why this combination of Chen and Grab don't work. But the board didn't make it. Well, the board didn't address it because the board probably didn't understand that that alternative combination... I'm not sure how we know that. Well, because if the board had understood the combination for it, I think the board would have addressed it. But if you look at the sequence of what happened, where you don't have that actual combination being pointed out, the board initiates review, institutes review, and says, this combination is getting partial encryption from Grab, but doesn't say it's getting something else from Grab. And then in reply, there's nothing in there saying, please, board, you've made a mistake. It's actually another alternative combination. We're in the land of speculation, though, at this point. Because the reply could easily be understood as recognizing that it is important for its motivation to combine theory to have both of these references understood as operating at the same data level. And so there was a desire to convince the board that Chen, just like Grab, is operating at the frame level and not the TS packet level. And if that's the case, then it's perfectly understandable why they would focus their attention on strengthening their motivation to combine by convincing the board that Chen, in fact, also discloses frames. I think that their focus is definitely Chen. But if the board says, our critical issue is what does Chen disclose, and says what Grab is supposedly providing under the combination is not obtaining the encrypted content, but instead partial encryption, I think it is incumbent on the petitioner to point that out and then make its case that there was a mistake. And the exact opposite occurs. It's Grab in reply is partial encryption, partial encryption. I feel like I'm running out of time, and I should probably run over to the waiver of the first issue, the claim construction issue, Judge Hughes, and answer your question. When neither party asks for a claim construction and the board adopts one that is within the plausible meanings, the answers you have to affirm, and that comes from Comcast versus IP Holdings versus Sprint. In that case, where neither party proposes a construction and the one that's used is reasonable, a party can prevail only if it has the only reasonable view of the limitations. So only if Netflix has the only reasonable view of limitation 1C could it prevail here. And it clearly didn't actually preserve a claim construction issue because the board's rules, again, are very clear. The trial guide, page 44 of Judge Chen, you were effectively pointing this out. If a petitioner believes a claim term requires an express construction, he must include a statement identifying a proposed construction, we haven't heard the proposed construction given here, of that particular term, what term is at issue, and where the intrinsic or extrinsic evidence supports that meaning. Entirely missing here. And Netflix had ample notice that we were arguing we don't have obtaining, you don't actually get, receive, hold, you don't obtain a frame that is encrypted in part because by the time you have a whole frame that's encrypted time and time again we made that clear in our patent owner's statement. Judge Hughes, to turn it to whether or not oral argument is sufficient, the answer is no. Again, the board's rules are very clear on that. The board's rules say that parties may only present arguments relied upon in the papers previously submitted. And that's page 86 of the practice guide and there's a case called Dell versus Acceleron making that point as well. So by oral argument it's too late, especially when you have that notice. And even if you look at oral argument, the materials being quoted to you, there's a piece of the sentence that gets left out which makes clear that they're not arguing claim construction, they're arguing an application of the claim language. So for example, visit the far end, page two, they quote 7820-21, a portion says, Netflix is arguing it's not the limited language of 1C, 1C is obtaining encrypted content, where the encrypted content includes the frames of video and at least a portion are encrypted. That sentence actually continues and says, and what we see is that Chen combined with the teachings of Grab is Chen is teaching sending video frames and even if it's limited to a TS architecture, what we see is it's encrypting portions of these things. So it's just an application of the claim language. They're not asking for a claim construction. And finally, the claim construction here is absolutely clearly... Can I just ask you this then? Assuming we send it back on Grab and I know you don't want us to, but assuming we do, is your view that we still should address and affirm the board's, I guess, application of this claim term? To call it a claim construction is a little difficult when there is no construction. It's substantial evidence review, Judge Hughes, just as you pointed out. Is there substantial evidence to support that Chen does not disclose or teach this particular claim and under that, they do not have the only reasonable view and so under Comcast versus IP holdings, this court would affirm. And yes, that's worthwhile. We're here. We should get that done, even if Grab were to go back. And I think that's where I would like to end in the 36 seconds remaining. I just want to point out that the language here is very clear. We thought plain and ordinary meaning truth in our way, which is it says two things. It says obtaining means to get a hold of, to possess. And then it says what needs to be obtained. And it says encrypted content that includes frames. With the remaining amount of your time, I just want to ask the question. The board concluded that it couldn't tell one way or another whether Chen was operating at the frame level or the TS packet level. And so it concluded that therefore the petitioner did not meet its burden that in fact discloses something at the frame level. Fine. But assuming we send this back for Grab, the Grab combination, why wouldn't it be obvious to just use the three-level key hierarchy from Chen in a Grab video frame context where as Grab discloses, you're encrypting just a portion of those frames? Right. And I think the answer is one of the things that's just not obvious is to obtain the whole frame and decrypt at the end after obtaining the frame. And that's actually a really significant innovation for an important reason. And I should make this clear. Are you telling me that your inventor, who I think is called Grab, invented here in this patent the idea of obtaining whole frames that nobody had ever transmitted frame by frame before? No, Your Honor. So that would be whether Chen discloses that when Chen is a broadcast user. Not Chen. I'm talking about Grab. The Grab reference and now we've got the Grab inventor. So the idea of having the data flow in and instead of decrypting the data as it flows in as the traditional broadcast stream is done, you instead obtain your whole frame leaving some portion encrypted. That's actually a very significant innovation from my perspective and I'll tell you why. Where does the patent say that? So where does the patent say that's a significant innovation? Yes. So the patent doesn't talk very much about the frames piece but if you look at the bottom of the page, let's take a look. I'm sorry we're going over time. Yes, it's okay. I'm trying to find out what's the concept here of the 920 and I don't recall it being what you're saying it is. Page 81, column 13, lines 62 to 65. And it says the frame encrypt keys are used to play back the content so this is at the very end of the process such that any decryption typically occurs as the content is being viewed. And that's actually really important and if you look at F it's all about decrypting as it's being F, one F and down in the claims as it's being viewed. It's really important because when you are talking about untrusted systems we're no longer in the world of a cable box and a trusted cable. We have people like Netflix and the like sending things to potentially computers. You want to keep that content encrypted through as much processing as possible because the more it is unencrypted the more there's a possibility of leakage. And so what this allows you to do because you receive the content, the whole frame and once you have that whole frame ready for playback a piece of it's still encrypted it stays encrypted right into that very last minute. Right into the typical implementation where any decryption occurs as the content is being viewed the very last moment. And one F downward says hey your playback your playback consists of steps that include decrypting and then playing. The actual playback incorporates that and I think that is to my mind a very significant innovation and it is anything but obvious. And I am way over my time. Thank you. Thank you your honor. With respect to the preservation of a grab argument there's no board finding of waiver here. The board quoted our argument in the decision on institution on page 7209. Petitioner contends that grab 333 similarly teaches obtaining encrypted content using a playback device e.g. decrypting digital video decoder where the content includes frames of video. The board couldn't have been clearer. We didn't need to go further in our reply or at the oral hearing even though we did mention it because the board had made clear that it understood our position and if there is any doubt whatsoever on pages 24 and 25 of the final written decision the board repeats that very same language. Mr. Lampkin cited some cases Iron Ridge 303 I haven't read them they're not cited in the briefs there wasn't a 28-J letter but I would be very surprised if either of them or any other decision of this court says that a petitioner waives an argument where the board quotes the argument in its final written decision and doesn't say it was waived. Are those Federal Circuit opinions or PTAP opinions? I have no idea they're not in the briefs I've never seen them before your honor. I've never heard of them before this morning but you can be sure I'll be looking them up when I get back to the office. We cite the Dragon non-presidential opinion which suggests that in this circumstance an argument is preserved and we think that's right. Motion to combine expressly not addressed by the board on appendix 22 and you know the holding of the board here is we hadn't shown that Chen's disclosure disclosed 1C Grab of course was part of our combination. With respect to claim construction again there was a reference to something called Comcast versus IP Holdings not cited in the briefs I don't know what it says we cite Corning versus Fassfelt which says that when there is an implicit claim construction that is adopted for the first time in the final written decision there's nothing wrong with a petitioner or a party appealing it for the first time in this court. It is a legal issue. It's fully briefed. I didn't hear any mention of prejudice if this court were to address it. I recognize that now with the benefit of hindsight it's the sort of thing that could have been made more clear in front of the board but it was certainly clear enough under Corning once the thing was first adopted in the final written decision. I know we have de novo review assuming we find a claim construction issue preserved but why shouldn't we send it back to the board and let them decide it in the first instance? The court certainly can do that. We wouldn't object to that. We think it's probably more efficient given that this is a claim construction issue based entirely on the intrinsic record. Everything is in front of this court. This court can decide it and that will make things clearer and more efficient for the board on remand. But if the court wishes to give the board a first crack at a more doctrinally understandable way of addressing the claim construction we wouldn't oppose that. So there was a suggestion on Divick's side that I hadn't made clear what our proposed claim construction was. I thought I'd been clear from the beginning which is the board imposed a limitation that is not in the claims namely that whole frames have to be received on the receive end before any decryption begins. We think that is unsupported that additional limitation should not have been included so our proposed construction is that the claims be construed and applied without that additional order of steps that is not recited. And the place we should find that as having been preserved is at 7820 and 7821. That's where it was made at the oral hearing, yes. I mean in the reply we also This is as good as it gets right here. No, so in the reply on page I believe it's 7452 we said the challenge claims do not recite any networking or packet limitations. Then we have 7802 the claims are entirely silent on a mechanism for transmitting video and the 920 patent itself provides no discussion or explanation of transmitting mechanisms and then 7820 and 7821. Notably when we made those arguments both in the reply and at the hearing DIVX didn't argue waiver. The board didn't find a waiver. The fact that we didn't use the word claim construction I don't think makes this case any different from Entertainer versus Hulu where the appellant didn't vary it was even a worse case because the board had expressly construed the term and the appellant hadn't challenged that construction but this court still reviewed it because it was clear what the position of the appellant was which is how the claim was supposed to be understood. And again there's no question because when you get to 7823 and Judge Gerstenblitz questioned the counsel they're very clearly talking about what the scope of the claim is. So this is fully preserved we would submit at the very least it's fully briefed and it is available for this court to reach in order to provide guidance to the board on remand. Alternatively Judge Hughes we would not object to asking the board to consider this with the benefit of the arguments. Unless the court has further questions we respectfully submit that the board's decision should be vacated and remanded. Okay, thank you very much. Case is submitted.